UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARY ANN TORRES,

                Plaintiff,

-against-

CITY OF NEW YORK, a Municipality, its Agents,
et. al., ,

                Defendants.
------------------------------------------------------------x

DOCKET & FILE

**MEMORANDUM AND ORDER**
09-CV-1894 (KAM)

**MATSUMOTO**, United States District Judge:

On May 5, 2009, *pro se* plaintiff Mary Ann Torres filed a complaint, a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, a request for an Order to Show Cause why a Preliminary Injunction and Temporary Restraining Order should not be granted, and an affidavit in support of the motion for injunctive relief. By Order dated May 6, 2009, the Court granted plaintiff's request to proceed *in forma pauperis* and denied plaintiff's request for a preliminary injunction and temporary restraining order. On May 7, 2009, plaintiff filed a motion for reconsideration of the Court's May 6, 2009 Order denying plaintiff's motion for a preliminary injunction and temporary restraining order. By Order dated May 8, 2009, the Court denied plaintiff's motion for reconsideration. For the reasons discussed below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Although plaintiff's complaint is somewhat unclear, her allegations stem from real property allegedly owned by plaintiff at 434 45th Street, Brooklyn, New York and her eviction

from said property. The true ownership of this property appears to have been the subject of a guardianship proceeding involving plaintiff's father in New York State Supreme Court. Plaintiff states that

> [w]ithout the required clear and convincing evidence to do so, a guardian was appointed for my father based [on] . . . Judge Lewis's position that not only had I 'consented' to a guardian for my father, but that I also consented to the sale of my home, the changing of the deed from my name to the guardian, the invalidation of the power of attorney, and the changing of my father's Last Will and Testament. Based on the non-existent 'Consent Order' dated September 6, 2006, Judge Lewis issued a Judgment and Order of Ejectment to remove me and my family from the home I own and have lived in since I was six which is currently in the hands of the New York City Sheriff.

(Compl. at 2-3, ¶¶ 4-5.) On March 19, 2009, the Honorable Yvonne Lewis denied plaintiff's application "to vacate and/or stay . . . the Order and Judgment of ejectment" from plaintiff's home. (See Mar. 19, 2009 Decision annexed to Compl.) Plaintiff also attaches documentation stating that she filed an Order to Show Cause to stay the execution of the Warrant of Ejectment, which was denied by the Appellate Division, Second Department on April 8, 2009. (See April 23, 2009 letter from Dolly Caraballo annexed to Compl.) Thus, plaintiff states that a "Warrant of Ejectment is in the hands of the Sheriff and an Order to sell my home has been issued." (Affidavit at 2.)

## DISCUSSION

While the Court is extremely sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). Section 1331 provides for federal-question jurisdiction; § 1332 provides for diversity of citizenship jurisdiction. Id. A plaintiff properly invokes § 1332 jurisdiction when

2

she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). The instant case clearly lacks diversity as the defendant resides and/or is deemed to reside in the same state as the plaintiff. The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)).

Accordingly, if plaintiff cannot present a substantial federal question, this Court lacks subject matter jurisdiction over her claim. See Fed. R.Civ.P. 12 (h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 126 S.Ct. at 1244 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, Hughes v. Rowe, 449 U.S. 5, 9 (1980), she must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's complaint attempts to invoke this Court's jurisdiction pursuant to § 1331 by alluding to violations of federal law. A constitutional claim in and of itself is not sufficient to confer jurisdiction where such a claim is nothing more than a state court claim "recloaked in constitutional garb." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946)) (a claim invoking federal question jurisdiction under § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable or is wholly insubstantial and frivolous). Here, plaintiff is seeking to challenge the orders of the state courts regarding her

upcoming eviction from her home. However, this Court is without jurisdiction to grant plaintiff the relief she seeks. See Trang v. Concris Realty Co., No. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings); McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (2d Cir. 1999).

Moreover, the Rooker-Feldman doctrine clearly precludes this Court from exercising jurisdiction in this matter. This doctrine originated with the Supreme Court's decision in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), which held that no federal court, other than the Supreme Court, can consider a claim to reverse or modify a state court judgment. Id. at 416. Sixty years after deciding Rooker, the Supreme Court expanded upon this principle in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), holding that federal district courts did not have jurisdiction to entertain claims that were 'inextricably intertwined' with a state court's determinations. Id. at 483, n. 16. The Supreme Court more recently stated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), stated that the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22; see also Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

The doctrine thus holds that federal district courts "lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court.'" Phifer v. City

4

of New York, 289 F.3d 49, 55 (2d Cir. 2002) (quoting Moccio v. New York State Office of Court Admin., 95 F.3d 195, 197 (2d Cir. 1996)). Plaintiff clearly seeks to overturn the state court's judgment and order of ejectment, ordering the sale of her home and her eviction from that home. Rooker-Feldman prohibits this Court from granting such relief, and, consequently, the complaint must be dismissed.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The clerk is directed to enter judgment dismissing this action and to serve a copy of this Memorandum and Order and the Civil Judgment on plaintiff.

SO ORDERED.

s/KAM
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
May 13, 2009